FILED BY ⎯⎯

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 APR -1 PM 6:1⎯

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| BARRY FIALA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-2248 Ma/A |
| | ) | |
| STORED VALUE SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S RULING

Before the court are the objections of Defendant Stored Value Systems, Inc. ("SVS") to two orders issued by Magistrate Judge S. Thomas Anderson requiring the removal of the designation "outside attorneys eyes only" from certain documents. SVS's first objections were filed December 27, 2004, and Plaintiff Barry Fiala, Inc. ("Fiala") replied on January 18, 2005. SVS's second objections were filed February 23, 2005, and Fiala responded on March 9, 2005. For the following reasons, SVS's appeal from the magistrate judge's December 7, 2004 order is DISMISSED, and the magistrate judge's February 8, 2005 order is AFFIRMED.

I. Legal Standard

This court may reject the magistrate judge's decision about a nondispositive matter only if that decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). See <u>Massey v. City of Ferndale</u>, 7 F.3d 506, 509 (6th Cir.

This document entered on the docket sheet In compliance
with Rule 58 and/or 79(a) FRCP on 4-4-05



1993). A decision is clearly erroneous when the court "is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). "[T]he clearly erroneous standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable." Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999)(citing Heights Community Congress v. Hilltop Realty, Inc., 774 F.2d 135, 140 (6th Cir. 1985).

## II. Objection Filed December 27, 2004

On December 7, 2004, Magistrate Judge Anderson granted Fiala's motion to remove the designation "outside attorneys eyes only" from certain documents because SVS had failed to file a timely response to that motion. SVS filed an objection, arguing that it had in fact timely responded to Fiala's motion. The magistrate judge accepted SVS's argument and stayed the prior order pending issuance of a new order on Fiala's original motion. Because a new order has been issued, SVS's appeal from the prior order is DISMISSED as moot.

## III. Objection Filed February 23, 2005

On February 8, 2005, Magistrate Judge Anderson again granted Fiala's motion to remove the designation "outside attorneys eyes only" from certain documents. SVS argues that this decision was clearly erroneous because the disputed information is highly

2

confidential and Fiala's counsel has not demonstrated a sufficient need for its disclosure to Fiala's business personnel. The documents at the center of this dispute are summaries of sales data generated from the manufacturing and selling of SVS electronic cash card products and services. Although SVS no longer competes directly with Fiala in the cash card market, SVS contends that licensees of its products do and that SVS, through diminished royalty payments, will be put at a competitive disadvantage if Fiala is allowed access to the sensitive financial information arising from the sale of SVS's products.

SVS does not dispute the legal standard that the magistrate judge applied to Fiala's motion. "[T]he burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the protective order." Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1122 (3d Cir. 1986). Once that burden has been met, "the burden shifts to the party requesting discovery to demonstrate that the information is sufficiently relevant and necessary to the case to outweigh the harm disclosure would cause to the person from whom he is seeking the information." Four Star Capital Corp. v. Nynex Corp., 183 F.R.D. 91, 110 (S.D.N.Y. 1997). The magistrate judge found that SVS had met its initial burden of demonstrating the need for confidentiality in its sales data. (Order at 4.) The magistrate judge then found that Fiala had met its reciprocal burden by demonstrating that the disputed information was needed "to establish the amount of royalty payments potentially owed to

3

Plaintiff by Defendant." (Id at 5.)

Although SVS cites cases in which disclosure of similar information was permitted only to counsel and not to the parties themselves, the offsetting interests in privacy and disclosure are necessarily weighed against one another on a case-by-case basis. See Fed. R. Civ. P. 26(c) 1970 advisory committee's note ("The courts have not given trade secrets automatic and complete immunity against disclosure, but have in each case weighed their claim to privacy against the need for disclosure."); see also Duncan v. Santaniello, 1996 WL 121730, at *2 (D. Mass. 1996). It is clear that the information sought is needed to establish the potential value of the case to Fiala and that an estimated value of the case is essential to potential settlement negotiations. Consequently, Fiala has demonstrated a substantial need for the information, in part because Fiala, not Fiala's counsel, will have the final decision about any settlement. See Model Rules of Prof'l Conduct R. 1.2(a) (2002).

Given the foregoing considerations, the court cannot say that the magistrate judge's weighing of the competing interests of Fiala and SVS was clearly erroneous. Disclosure will be limited to two Fiala employees, and, although the "outside attorneys eyes only" designation has been removed, the disputed documents will continue to be designated "confidential." Thus, safeguards remain in place to ensure that Fiala does not use the information to disadvantage SVS. For the reasons stated above, the magistrate judge's February

8, 2005 order removing the designation "outside attorneys eyes only" from certain documents is AFFIRMED.

So ORDERED this 1st day of April, 2005.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 171 in case 2:02-CV-02248 was distributed by fax, mail, or direct printing on April 4, 2005 to the parties listed.

---

Paul Howard Morris
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Jason F. Hoffman
HOWREY SIMON ARNOLD & WHITE LLP
1299 Pennsylvania Avenue N. W.
Washington, DC 20004

J. Jay Guiliano
HOWREY SIMON ARNOLD & WHITE LLP
1299 Pennsylvania Avenue N. W.
Washington, DC 20004

Russell H. Walker
WALKER MCKENZIE & WALKER, P.C.
6363 Poplar Avenue
Ste. 434
Memphis, TN 38119

Coke Morgan Stewart
HOWREY SIMON ARNOLD & WHITE LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004

Barry E Bretschneider
MORRISON & FOERSTER, LLP
1650 Tysons Blvd.
Ste. 300
McLean, VA 22102

Kelly A. Clement
HOWREY SIMON ARNOLD & WHITE LLP
1299 Pennsylvania Avenue N. W.
Washington, DC 20004

Richard M. Carter
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Alan M. Fisch
HOWREY SIMON ARNOLD & WHITE LLP
1299 Pennsylvania Avenue N. W.
Washington, DC 20004

Jonathan C. Hancock
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT