```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```
_____

| | |
|---|---|
| **BARRY FIALA, INC.,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 02-2248 Ma/A |
| | ) |
| **STORED VALUE SYSTEMS, INC.** | ) |
| | ) |
|     Defendant. | ) |

_____

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE OR DISMISS**
_____

On February 27, 2006, Plaintiff Barry Fiala, Inc. ("Fiala") filed a motion to strike or dismiss affirmative defenses and counterclaims. Defendant Stored Value Systems, Inc. ("SVS") responded on March 20, 2006. For the following reasons, Fiala's motion is DENIED.

**I. Background**

Fiala filed this patent infringement action on April 9, 2002. On December 4, 2002, Fiala amended its Complaint before any responsive pleading had been filed. SVS answered the First Amended Complaint on April 25, 2003. On June 23, 2003, Fiala amended its First Amended Complaint, and SVS answered on July 15, 2003. Fiala moved to amend its complaint again on October 14, 2005. On January 6, 2006, the magistrate judge granted Fiala's request to amend its complaint ("January 6, 2006 Order"). The January 6, 2006 Order permitted Fiala to include the following

additional paragraph in its Third Amended Complaint[1]:

> 12. Upon information and belief SVS willfully and knowingly infringed upon, induced the infringement, and/or contributed to the infringement of claims 29 and 30 of the Patent by offering for sale, selling, activating and processing cards that it knew would be incorporated into products whose use, including activation and processing, infringed claims 29 and 30 of the Patent.

(3d Am. Compl. ¶ 12.)

The January 6, 2006 Order was based on the magistrate's finding that "Plaintiff's proposed Amended Complaint does not raise any new legal issues, it simply increases the number of products that Plaintiff accuses Defendant of selling, activating, and maintaining through Defendant's computer platform in violation of Plaintiff's patent rights." (Jan. 6 Order 3.) The magistrate also concluded that the need to amend was based on recently discovered information. (Id. at 3-4.)

Fiala filed its Third Amended Complaint on January 18, 2006. SVS answered on February 7, 2006. In its answer, SVS denied Fiala's allegations in Paragraph 12 and added two affirmative defenses and two counterclaims, although overall the number of defenses in SVS' answer was reduced from eight to six.

**II. Jurisdiction**

The complaint alleges the infringement of a patent issued by the United States Patent and Trademark Office. Therefore, the

---

[1] The order also permitted a change of address for Fiala's principal place of business.

2

court has jurisdiction under 28 U.S.C. § 1338(a), granting the federal courts have exclusive, original jurisdiction over patent cases.

**III. Motion to Strike**

Fiala asks the court to strike SVS's affirmative defenses and counterclaims, citing Fed. R. Civ. P. 15(a), which provides that "[a] party shall plead in response to an amended pleading," and asserting that SVS's answer is not responsive. Fiala argues that, because its Third Amended Complaint did not change the theory or scope of the case, SVS was required to seek leave of court under Fed. R. Civ. P. 12(f) to add anything to its answer other than a response to the allegations in paragraph 12 of the Third Amended Complaint.

The district courts that have addressed the issue of the proper scope of a party's answer to an amended complaint have offered two different views. Some courts have held that a defendant must seek leave of court to serve new counterclaims or to assert new defenses unless the amended complaint changes the theory or scope of the case. Digital Privacy, Inc. v. RSA Sec., Inc., 199 F. Supp. 2d 457, 459 n.2 (E.D. Va. 2002); Tralon Corp. v. Cedarapids, Inc., 966 F.Supp. 812, 832 (N.D.Iowa 1997). Other courts, however, have held that, by filing an amended pleading, a plaintiff opens the door for a defendant to file any new counterclaims or defenses in its answer. Refuse Fuels Inc. V.

National Union Fire Ins. Co., 139 F.R.D. 576, 578 (D. Mass. 1991); Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc., 50 F.R.D. 415, 418-19 (D. Del. 1970).

SVS contends that it was not required to obtain leave of court to file its answer because Fiala's Third Amended Complaint expanded the scope and theory of the case. Paragraph 12 adds allegations that, in addition to infringing the '909 patent directly, SVS induced and/or contributed to the infringement of claims 29 and 30 of the '909 patent. As the magistrate judge recognized in the January 6, 2006 Order, the Third Amended Complaint does "increase the number of products that Plaintiff accuses Defendant of selling, activating, and maintaining through Defendant's computer platform in violation of Plaintiff's patent rights," expanding the scope of the case. (Jan. 6 Order 3.)

Although SVS' counterclaims for patent non-infringement and patent invalidity were not included in its previous answers as counterclaims, they have been included in all of SVS' answers as affirmative defenses, and SVS seeks only declarative and injunctive relief in its counterclaims. The defenses that Fiala asks the court to strike are that claims 29 and 30 of the '909 patent are invalid due to indefiniteness under 35 U.S.C. §§ 101 and 112 and that Fiala failed to mark the patent under 35 U.S.C. § 287. SVS' previous answers asserted a defense of invalidity for failure "to comply with the provisions of Title 35 U.S.C.,

including without limitation one or more of 35 U.S.C. §§ 102, 103, and 112." (Answer to 2d Am. Compl. 4 ¶ 1.) This defense includes SVS' defense of invalidity for indefiniteness, and therefore that defense was not added for the first time in SVS' answer to the Third Amended Complaint. Rather, SVS' answer to the Third Amended Complaint reworded and narrowed its previous invalidity defense by limiting it to a failure to comply with 35 U.S.C. §§ 101, 103, and 112. (Answer to 3d Am. Compl. 5 ¶¶ 1-2.) SVS' marking defense is not an affirmative defense because Fiala bears the burden of proving that it complied with the marking requirements of 35 U.S.C. § 287. Sentry Prot. Prods., Inc. v. Eagle Mfg. Co., 400 F.3d 910, 918 (Fed. Cir. 2005). Therefore, the changes in SVS' answer to Fiala's Third Amended Complaint do not alter the scope or theory of the case, and Fiala is not prejudiced by those changes.

Because Fiala's Third Amended Complaint altered the scope of the case, SVS did not need leave of court to include new counterclaims and defenses in its answer. Fiala's motion to strike SVS's affirmative defenses and counterclaims is DENIED.

**IV. Motion to Dismiss**

    **A.  Standard for Dismissal Under Rule 12(b)(6)**

"Under the liberal notice pleading rules, a complaint need only put a party on notice of the claim being asserted against it to satisfy the federal rule requirement of stating a claim upon

5

which relief can be granted." Memphis, Tenn. Area Local, Am. Postal Workers' Union, AFL-CIO v. City of Memphis, 361 F.3d 898, 902 (6th Cir. 2004). When considering a motion to dismiss for failure to state a claim, the court regards all factual allegations in the complaint as true. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). The court must construe the complaint in the light most favorable to the plaintiff. Memphis, Tenn. Area Local, Am. Postal Workers' Union, 361 F.3d at 902. If the plaintiff can prove no set of facts that would entitle it to relief based on a viable legal theory, the claim will be dismissed. Scheid, 859 F.2d at 437.

The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which it bases its claim. Conley v. Gibson, 355 U.S. 41, 47 (1957). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." Wittstock v. Mark a Van Sile, Inc., 330 F.3d 889, 902 (6th Cir. 2003).

**B. Analysis**

**1. Whether SVS's First Counterclaim States A Claim Upon Which Relief Can Be Granted**

SVS's first counterclaim seeks a declaratory judgment of non-infringement of claims 29 and 30 under the theory that Fiala is estopped from asserting that SVS has infringed claims 1

through 28, and 31 through 38 of the '909 Patent. Fiala argues that SVS has no basis for a declaratory judgment because it has no reasonable apprehension of suit on other claims of the '909 Patent. SVS contends, however, that it has a reasonable apprehension of an infringement suit on other claims. SVS also argues that, by alleging that SVS infringed all claims of the '909 patent and amending its complaint to allege that SVS infringed only claims 29 and 30, Fiala intentionally abandoned its right to assert all other claims of the Patent.

Whether a party has a reasonable apprehension of suit by the patentee on a particular claim requires a two-step analysis. There must be (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity. BP Chems. Ltd. v. Union Carbide Corp., 4 F.3d 975, 978 (Fed. Cir. 1993).

Fiala has not stipulated to non-infringement of the remaining claims that it previously asserted, and SVS has pled that Fiala alleged SVS infringed upon claims 29 and 30 of the '909 Patent and that a justiciable case or controversy exists between Fiala and SVS. (Answer to 3d Am. Compl. ¶¶ 8-9.) Therefore, SVS has stated a claim on which relief can be granted.

**2. Whether SVS's Second Counterclaim States A Claim Upon Which Relief Can Be Granted**

SVS's second counterclaim and affirmative defense seek a declaration of invalidity of claims 29 and 30 of the Patent based upon the failure to meet the requirements of 35 U.S.C. §§ 101, 103, and 112. Specifically, SVS seeks a declaration of invalidity of claims 29 and 30 due to indefiniteness. Fiala argues that, because the court has issued its Markman order construing the patent claims, claims 29 and 30 are not indefinite as a matter of law, citing Honeywell Int'l, Inc. v. International Trade Commission, 341 F.3d 1332, 1338-39 (Fed. Cir. 2003.), which states that, "if the claim is subject to construction, i.e, is not insolubly ambiguous, it is not invalid for indefiniteness."

SVS argues that the Markman order does not address whether claims 29 and 30 in their entirety are indefinite pursuant to 35 U.S.C. § 112 ¶ 2 and that issues of invalidity for indefiniteness are ripe for and are decided at the summary judgment stage, citing IPXL Holdings, L.L.C. v. Amazon.com, Inc., 430 F.3d 1377, 1384 (Fed. Cir. 2005) (affirming district court's ruling on summary judgment of invalidity for indefiniteness); Datamize, LLC v. Plumtress Software, Inc., 417 F.3d 1342, 1356 (Fed. Cir. 2005) (affirming district court's ruling on summary judgment of invalidity for indefiniteness); Default Proof Credit Card Sys. v. Home Depot U.S.A., Inc., 412 F.3d 1291, 1303 (Fed. Cir. 2005)

8

(affirming district court's ruling on summary judgment of invalidity for indefiniteness).

District courts may engage in a rolling claim construction, in which the court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves. Sofamor Danek Group, Inc. v. DePuy-Motech, Inc., 74 F.3d 1216, 1221 (Fed. Cir. 1996). Therefore, the court's Markman order does not preclude SVS's affirmative defense and counterclaim. Because SVS has stated a claim on which relief can be granted, Fiala's motion to dismiss is DENIED.

## V. Conclusion

For the foregoing reasons, Fiala's motion to strike or dismiss affirmative defenses and counterclaims is DENIED.

So ordered this 1st day of September 2006.

s/Samuel H. Mays, Jr.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE